UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

SERGEY FUZAYLOV, ILYA KHAIMOV,
IOSIF KHAIMOV, and MIRIAM MOSCOWITZ
on behalf of themselves and all other similarly
situated consumers

                              Plaintiff,                            Case No.

          -against-

ALLIANCEONE RECEIVABLES MANAGEMENT,
INC.

                             Defendant.
_____

## CLASS ACTION COMPLAINT

1.     Sergey Fuzaylov, Ilya Khaimov, Iosif Khaimov, and Miriam Moscowitz (hereinafter referred to as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Allianceone Receivables Management, Inc (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

2.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

3.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4.     Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

5.     At all relevant times, Defendant conducted business within the State of New York.

**PARTIES**

6.    Plaintiff Sergey Fuzaylov is an individual who is a citizen of the State of New York residing in Queens County, New York.

7.    Plaintiff Ilya Khaimov is an individual who is a citizen of the State of New York residing in Queens County, New York.

8.    Plaintiff Iosif Khaimov is an individual who is a citizen of the State of New York residing in Queens County, New York.

9.    Plaintiff Miriam Moscowitz is an individual who is a citizen of the State of New York residing in Nassau County, New York.

10.    Plaintiffs are "consumer[s]" as defined by 15 U.S.C. § 1692a(3).

11.    On information and belief, Defendant's principal place of business is located in Gig Harbor, WA.

12.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers

13.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS**

14.    Defendant alleges that the Plaintiffs owed a debt ("the debt").

15.    The debt was primarily for personal, family or household purposes and are therefore "debt" as defined by 15 U.S.C. § 1692a(5).

16.    Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

17.    Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

18.    In its efforts to collect the debt, Defendant contacted Plaintiff Sergey Fuzaylov by letter dated October 6th, 2016. ("**Exhibit 1**")

19.    In its efforts to collect the debt, Defendant contacted Plaintiff Miriam Moscowitz letter dated November 30th, 2016. ("**Exhibit 2**")

20.    In its efforts to collect the debt, Defendant contacted Plaintiff Iosif Khaimov by letter dated February 10th, 2017. ("**Exhibit 3**")

21.    In its efforts to collect the debt, Defendant contacted Plaintiff Ilya Khaimov by letter dated February 13th, 2017. ("**Exhibit 4**")

22.    Upon affirmation and believe, all the above mentioned letters were Defendant's initial communication with the Plaintiffs.

23.    The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g(a)(3)**
**AS TO PLAINTIFF SERGEY FUZAYLOV**

24.    Plaintiff Sergey Fuzaylov repeats and realleges the foregoing paragraphs as if fully restated herein.

25.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

26.    15 U.S.C. § 1692g(a)(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

27.    There is no requirement that the consumer dispute the debt in writing.

28.   It is a violation of FDCPA to require disputes be made in writing.

29.   It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

30.   It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

31.   It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

32.   It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required §1692g(a)(3) statement.

33.   It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that his or her dispute must be in writing.

34.   Defendant's October 6th, 2016 letter to Plaintiff Sergye Fuzaylov states "Please send all correspondences and make check or money order payable to the above address."

35.   Disputes need not be in writing. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013)

36.   Disputes may be made orally.

37.   The language concerning "send all correspondence" overshadows the required 15 U.S.C. §1692g(a)(3) statement.

38.   The language concerning "send all correspondences" contradicts the required 15 U.S.C. §1692g(a)(3) statement.

39.   The language concerning "send all correspondences" when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

40.   The language concerning "send all correspondences" when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

41.   The language concerning "send all correspondences" when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that his or her dispute must be in writing.

42.   Defendant has violated § 1692g(a)(3) as the above-referenced language overshadows the information required to be provided by that Section. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**AS TO PLAINTIFF SERGEY FUZAYLOV**

43.   Plaintiff Sergey Fuzaylov repeats and realleges the foregoing paragraphs as if fully restated herein.

44.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45.   While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

46.   Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

47.   The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

48.   The collection letter of October 6th, 2016 could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

49.   Because the collection letters were reasonably susceptible to an inaccurate reading, as described above, they are deceptive within the meaning of the FDCPA.

50.   The least sophisticated consumer would likely be deceived by the letter.

51.   The least sophisticated consumer would likely be deceived in a material way by the letter.

52.   The misrepresentation is material because it could impede the least sophisticated consumer's ability to respond to the letter or dispute the debt.

53.   Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e(2)(A) and § 1692e(10)
### AS TO PLAINTIFF SERGEY FUZAYLOV

54.   Plaintiff Sergey Fuzaylov repeats and realleges the foregoing paragraphs as if fully restated herein.

55.   15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
>
>     (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or

attempt to collect any debt or to obtain information concerning a consumer.

56.     § 1692e requires debt collectors, when informing debtors of their account balance, to disclose whether the balance may increase due to interest and fees.  Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

57.     Defendant's collection letter fails to include the safe harbor language set out in Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

58.     An unsophisticated consumer would be left uncertain by the said letter as to whether the said account was accruing interest or not.

59.     Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also Rhodes v. Davis, 628 Fed. Appx. 787, 794 (2d Cir. 2015) (Under New York Law, "[i]nterest is generally mandatory "upon a sum awarded because of a breach of performance of a contract . . . ." (citing Id. § 5001(a))).

60.     Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004. When calculating the interest due, it "shall be computed from the earliest ascertainable date the cause of action existed." Id. § 5001(b).

61.     "In New York, a breach of contract cause of action accrues at the time of the breach." Ely-Cruikshank Co. v. Bank of Montreal, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d 501 (1993) (citations omitted).

62.     Prejudgment interest on defaulted debt obligations "shall be computed from the earliest ascertainable date the cause of action existed," which is when the debtor fails to make the monthly payment. N.Y. C.P.L.R. § 5001(b).

63.     "New York law provides that "[i]nterest shall be recovered upon a sum awarded because

of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004.  Accordingly, Plaintiffs are entitled to prejudgment interest on the installments that were not timely paid." Kasperek v. City Wire Works, Inc., No. 03 CV 3986 (RML), 2009 U.S. Dist. LEXIS 19803, at *8 (E.D.N.Y. Mar. 12, 2009).

64.    Defendant's October 6th, 2016 collection letter indicated "Balance Due" of $65.00.

65.    The said October 6th, 2016 letters failed to correctly state the full the amount of the debt allegedly owed.

66.    The October 6th, 2016 the letters did not state on which date the "Balance Due" was calculated, and did not explain that contractual or statutory interest would continue to accrue on the unpaid principal; thus, the Plaintiff's total balance might be greater on the date he makes a payment.

67.    A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

68.    However, since contractual or statutory interest is automatically accruing daily a consumer who pays the "Balance" stated on the notice will be unaware as to whether or not the debt has been paid in full.

69.    The debt collector could still seek the automatically accrued contractual or statutory interest that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest from the consumer.

70.    The FDCPA requires debt collectors, when notifying consumers of their account balance,

to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

71.    Pursuant to New York state law, statutory interest starts to accrue on the debt from the date of the breach of contract at the rate of 9% per annum.

72.    The amount of "Balance Due" automatically increases each day that the defaulted debt remains unpaid due to the automatically contractual or statutory accrued interest.

73.    Collection notices that state only the "Balance Due" but fail to disclose that the balance might increase due to interest are "misleading" within the meaning of Section 1692e.

74.    To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

75.    Allianceone Receivables Management, Inc was required to include a disclosure that the automatically accrued interest was accruing, or in the alternative, Allianceone Receivables Management, Inc was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest; yet the Defendant failed to make any such disclosures, violating Section 1692e of the FDCPA.

76.    Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e of the FDCPA.

77.    Allianceone Receivables Management, Inc knew that the balance would increase due to contractual or statutory interest.

78.    The Second Circuit adopted a safe harbor disclaimer stating "that requiring such
disclosure best achieves the Congressional purpose of full and fair disclosure to
consumers that is embodied in Section 1692e.  It also protects consumers such as the
Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy
their debts."  Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)

79.    Requiring such disclosure best achieves the Congressional purpose of full and fair
disclosure to consumers that is embodied in Section 1692e.  It also protects consumers
such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely
payment will satisfy their debts and it protects them from other debt collectors seeking
further interest on this debt in the future.

80.    The 8th Circuit in Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App.
LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest
in post charge off statements is not express waiver of interest, and the debt collector or
creditor can seek the interest in the future.

81.    The intent to waive a contractual right must be unmistakably manifested and may not be
inferred from doubtful or equivocal acts. Navillus Tile, Inc. v. Turner Const. Co., 2
A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003).  A waiver of a contract right does not occur
by negligence, oversight or thoughtlessness and cannot be inferred from mere silence.
Acumen Re Management Corp. v. General Sec. Nat. Ins. Co., 2012 WL 3890128, at *6
(S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL
6053936 (S.D. N.Y. 2012).

82.    A waiver of interest, even when made explicitly, has not prevented debt collection
agencies from continuing to illegally charge the waived interest.  At the bare minimum a

debt collection agency must clearly convey, even to the unsophisticated consumer that it intends to waive the automatically accruing interest, or that the debt has stopped accruing interest.

83.    A debtor who pays the "Balance Due" stated in the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest that accumulated after the letter was sent but before the balance was paid.

84.    Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10).

85.    Defendant has violated 1692e(2)(A) and § 1692e(10).by using a false, deceptive and misleading representation in its attempt to collect a debt.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)
### AS TO PLAINTIFF SERGEY FUZAYLOV

86.    Plaintiff Sergey Fuzaylov repeats and realleges the foregoing paragraphs as if fully restated herein.

87.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

88.    One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

89.    Defendant's October 6th, 2016 collection letter indicated "Balance Due" of $65.00.

90.     The letter fails to disclose whether the "Balance Due" may increase due to additional interest.

91.    The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

92.    The letter, because of the aforementioned failure, would render the least sophisticated consumer unable to determine the amount of his or her "Balance Due" because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt will remain static.

93.    If interest will continuing to accrue the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

94.    For these reasons, Allianceone Receivables Management, Inc failed to clearly state the amount of the debt.

95.    For these reasons, Allianceone Receivables Management, Inc failed to unambiguously state the amount of the debt.

96.    For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

97.    For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

98.    Allianceone Receivables Management, Inc violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692g(a)(3)**

### AS TO PLAINTIFF MIRIAM MOSCOWITZ

99.    Plaintiff Miriam Moscowitz repeats and realleges the foregoing paragraphs as if fully
       restated herein.

100.   15 U.S.C. § 1692g provides that within five days after the initial communication with a
       consumer in connection with the collection of any debt, a debt collector shall, unless the
       information is contained in the initial communication or the consumer has paid the debt,
       send the consumer a written notice containing certain enumerated information.

101.   15 U.S.C. § 1692g(a)(3) requires the notice to include a statement that unless the
       consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or
       any portion thereof, the debt will be assumed to be valid by the debt collector.

102.   There is no requirement that the consumer dispute the debt in writing.

103.    It is a violation of FDCPA to require disputes be made in writing.

104.   It is a violation of the FDCPA to include language in the letter that overshadows the
       required 15 U.S.C. § 1692g(a)(3) statement.

105.   It is a violation of the FDCPA to include language in the letter that contradicts the
       required 15 U.S.C. § 1692g(a)(3) statement.

106.   It is a violation of the FDCPA to include language in the letter that, when examined from
       the perspective of the least sophisticated consumer, overshadows the required §
       1692g(a)(3) statement.

107.   It is a violation of the FDCPA to include language in the letter that, when examined from
       the perspective of the least sophisticated consumer, contradicts the required §1692g(a)(3)
       statement.

108.   It is a violation of the FDCPA to include language in the letter that, when examined from

the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that his or her dispute must be in writing.

109.   Defendant's November 30th, 2016 letter to Plaintiff Miriam Moscowitz states "Please send all correspondences and make check or money order payable to the above address."

110.   Disputes need not be in writing. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013)

111.   Disputes may be made orally.

112.   The language concerning "send all correspondence" overshadows the required 15 U.S.C. §1692g(a)(3) statement.

113.   The language concerning "send all correspondences" contradicts the required 15 U.S.C. §1692g(a)(3) statement.

114.   The language concerning "send all correspondences" when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

115.   The language concerning "send all correspondences" when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

116.   The language concerning "send all correspondences" when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that his or her dispute must be in writing.

117.   Defendant has violated § 1692g(a)(3) as the above-referenced language overshadows the information required to be provided by that Section. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

## SIXTH COUNT
## Violation of 15 U.S.C. § 1692e
## AS TO PLAINTIFF MIRIAL MOSCOWITZ

118.    Plaintiff Miriam Moscowitz repeats and realleges the foregoing paragraphs as if fully

restated herein.

119.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or

misleading representation or means in connection with the collection of any debt.

120.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does

not preclude a claim of falsity or deception based on any non-enumerated practice.

121.    Collection notices are deceptive if they can be reasonably read to have two or more

different meanings, one of which is inaccurate.

122.    The question of whether a collection letter is deceptive is determined from the perspective

of the "least sophisticated consumer."

123.    The collection letter of November 30th, 2016 could be reasonably interpreted by the least

sophisticated consumer as incorrectly representing that a dispute must be communicated

in writing. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

124.    Because the collection letters were reasonably susceptible to an inaccurate reading, as

described above, they are deceptive within the meaning of the FDCPA.

125.    The least sophisticated consumer would likely be deceived by the letter.

126.    The least sophisticated consumer would likely be deceived in a material way by the letter.

127.    The misrepresentation is material because it could impede the least sophisticated

consumer's ability to respond to the letter or dispute the debt.

128.    Defendant has violated § 1692e by using a false, deceptive and misleading representation

in its attempt to collect a debt.

## SEVENTH COUNT
### Violation of 15 U.S.C. § 1692e(2)(A) and § 1692e(10)
### AS TO PLAINTIFF MIRIAL MOSCOWITZ

129.    Plaintiff Miriam Moscowitz repeats and realleges the foregoing paragraphs as if fully

restated herein.

130.    15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any debt.
> Without limiting the general application of the foregoing, the
> following conduct is a violation of this section:
>
> (2) The false representation of –
>
>     (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or
> attempt to collect any debt or to obtain information concerning a
> consumer.

131.    § 1692e requires debt collectors, when informing debtors of their account balance, to

disclose whether the balance may increase due to interest and fees.  Avila v. Riexinger

Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

132.    Defendant's collection letter fails to include the safe harbor language set out in Avila v.

Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

133.    An unsophisticated consumer would be left uncertain by the said letter as to whether the

said account was accruing interest or not.

134.    Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall

recover prejudgment interest "upon a sum awarded because of a breach of performance of

a contract." N.Y. C.P.L.R. § 5001(a); see also Rhodes v. Davis, 628 Fed. Appx. 787, 794

(2d Cir. 2015) (Under New York Law, "[i]nterest is generally mandatory "upon a sum

awarded because of a breach of performance of a contract . . . ." (citing Id. § 5001(a))).

135.    Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004.

When calculating the interest due, it "shall be computed from the earliest ascertainable

date the cause of action existed." Id. § 5001(b).

136.    "In New York, a breach of contract cause of action accrues at the time of the breach." Ely-

Cruikshank Co. v. Bank of Montreal, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d

501 (1993) (citations omitted).

137.    Prejudgment interest on defaulted debt obligations "shall be computed from the earliest

ascertainable date the cause of action existed," which is when the debtor fails to make the

monthly payment. N.Y. C.P.L.R. § 5001(b).

138.    "New York law provides that "[i]nterest shall be recovered upon a sum awarded because

of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to

be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b),

at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004.  Accordingly, Plaintiffs are

entitled to prejudgment interest on the installments that were not timely paid." Kasperek v.

City Wire Works, Inc., No. 03 CV 3986 (RML), 2009 U.S. Dist. LEXIS 19803, at *8

(E.D.N.Y. Mar. 12, 2009).

139.    Defendant's November 30th, 2016 collection letter indicated "Total Balance Due" of

$65.00.

140.    The said November 30th, 2016 letters failed to correctly state the full the amount of the

debt allegedly owed.

141.    The November 30th, 2016 the letter did not state on which date the "Balance Due" was

calculated, and did not explain that contractual or statutory interest would continue to

accrue on the unpaid principal; thus, the Plaintiff's total balance might be greater on the

date she makes a payment.

142.   A reasonable consumer could read the notice and be misled into believing that he or she
       could pay her debt in full by paying the amount listed on the notice.

143.   However, since contractual or statutory interest is automatically accruing daily a consumer
       who pays the "Total Balance Due" stated on the notice will be unaware as to whether or
       not the debt has been paid in full.

144.   The debt collector could still seek the automatically accrued contractual or statutory
       interest that accumulated after the notice was sent but before the balance was paid, or sell
       the consumer's debt to a third party, which itself could seek the interest from the
       consumer.

145.   The FDCPA requires debt collectors, when notifying consumers of their account balance,
       to disclose that the balance may increase due to interest; failure to include such disclosures
       would harm consumers such as the Plaintiff who may hold the reasonable but mistaken
       belief, that timely payment will satisfy their debts and it would abrogate the Congressional
       purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

146.   Pursuant to New York state law, statutory interest starts to accrue on the debt from the
       date of the breach of contract at the rate of 9% per annum.

147.   The amount of "Total Balance Due" automatically increases each day that the defaulted
       debt remains unpaid due to the automatically contractual or statutory accrued interest.

148.   Collection notices that state only the "Total Balance Due" but fail to disclose that the
       balance might increase due to interest are "misleading" within the meaning of Section
       1692e.

149.   To the extent that the Creditor or the Defendant intended to waive the automatically

accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

150.    Allianceone Receivables Management, Inc was required to include a disclosure that the automatically accrued interest was accruing, or in the alternative, Allianceone Receivables Management, Inc was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest; yet the Defendant failed to make any such disclosures, violating Section 1692e of the FDCPA.

151.    Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e of the FDCPA.

152.    Allianceone Receivables Management, Inc knew that the balance would increase due to contractual or statutory interest.

153.    The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.  It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts."  Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)

154.    Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.  It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

155.    The 8th Circuit in Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest

in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

156.     The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts. Navillus Tile, Inc. v. Turner Const. Co., 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003).  A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence. Acumen Re Management Corp. v. General Sec. Nat. Ins. Co., 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

157.     A waiver of interest, even when made explicitly, has not prevented debt collection agencies from continuing to illegally charge the waived interest.  At the bare minimum a debt collection agency must clearly convey, even to the unsophisticated consumer that it intends to waive the automatically accruing interest, or that the debt has stopped accruing interest.

158.     A debtor who pays the "Total Balance Due" stated in the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest that accumulated after the letter was sent but before the balance was paid.

159.     Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10).

160. Defendant has violated § 1692e(2)(A) and § 1692e(10) by using a false, deceptive and misleading representation in its attempt to collect a debt.

**EIGHTH COUNT**
**Violation of 15 U.S.C. § 1692g(a)(1)**
**AS TO PLAINTIFF MIRIAM MOSCOWITZ**

161. Plaintiff Miriam Moscowitz repeats and realleges the foregoing paragraphs as if fully restated herein.

162. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

163. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

164. Defendant's October 6th, 2016 collection letter indicated "Total Balance Due" of $65.00.

165. The letter fails to disclose whether the "Total Balance Due" may increase due to additional interest.

166. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

167. The letter, because of the aforementioned failure, would render the least sophisticated consumer unable to determine the amount of his or her "Total Balance Due" because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt will remain static.

168. If interest will continuing to accrue the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of

accrual.

169.    For these reasons, Allianceone Receivables Management, Inc failed to clearly state the amount of the debt.

170.    For these reasons, Allianceone Receivables Management, Inc failed to unambiguously state the amount of the debt.

171.    For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

172.    For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

173.    Allianceone Receivables Management, Inc violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

**NINTH COUNT**
**Violation of 15 U.S.C. § 1692e and § 1692f**
**AS TO PLAINTIFF MIRIAM MOSCOWITZ**

174.    Plaintiff Miriam Moscowitz repeats and realleges the foregoing paragraphs as if fully restated herein.

175.    § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

176.    15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

177.    15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

178.    15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

179.    §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

180.    The letter states "Other Fees or Charges."

181.    The "Other Fees or Charges" are listed as "$0.00"

182.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

183.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

184.    Although the "Other Fees or Charges" are listed as "$0.00" the letter could reasonably be read by the least sophisticated consumer to mean that there could be "Other Fees or Charges" added to the debt in the future.

185.    The letter falsely implies that Defendant has the right to add non-interest charges and fees to the debt.

186.    Defendant has no legal basis to add "Other Fees or Charges" to the debt.

187.    The letter could reasonably be read by the least sophisticated consumer to threaten to collect a fee.

188.    The letter falsely implies that Defendant has the right to add a fee to the debt.

189.    Defendant has no legal basis to add a fee to the debt.

190.    Defendant's conduct, as described, violates § 1692e and § 1692f.

**TENTH COUNT**
**Violation of 15 U.S.C. §1692e(2)(A) and § 1692e(10)**
**AS TO PLAINTIFF IOSIF KHAIMOV**

191.    Plaintiff Iosif Khaimov repeats and realleges the foregoing paragraphs as if fully restated

herein.

192.   15 U.S.C. § 1692e provides:

>   A debt collector may not use any false, deceptive, or misleading
>   representation or means in connection with the collection of any debt.
>   Without limiting the general application of the foregoing, the
>   following conduct is a violation of this section:
>
>   (2) The false representation of –
>
>       (A) the character, amount, or legal status of any debt; or
>
>   (10) the use of any false representation or deceptive means to collect
>   or attempt to collect any debt or to obtain information concerning a
>   consumer.

193.   § 1692e requires debt collectors, when informing debtors of their account balance, to
disclose whether the balance may increase due to interest and fees. Avila v. Riexinger
Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

194.   Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall
recover prejudgment interest "upon a sum awarded because of a breach of performance of
a contract." N.Y. C.P.L.R. § 5001(a); see also Rhodes v. Davis, 628 Fed. Appx. 787, 794
(2d Cir. 2015) (Under New York Law, "[i]nterest is generally mandatory "upon a sum
awarded because of a breach of performance of a contract . . . ." (citing Id. § 5001(a))).

195.   Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004.
When calculating the interest due, it "shall be computed from the earliest ascertainable
date the cause of action existed." Id. § 5001(b).

196.   "In New York, a breach of contract cause of action accrues at the time of the breach." Ely-
Cruikshank Co. v. Bank of Montreal, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d
501 (1993) (citations omitted).

197.   Prejudgment interest on defaulted debt obligations "shall be computed from the earliest

ascertainable date the cause of action existed," which is when the debtor fails to make the monthly payment. N.Y. C.P.L.R. § 5001(b).

198.  "New York law provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004.  Accordingly, Plaintiffs are entitled to prejudgment interest on the installments that were not timely paid." Kasperek v. City Wire Works, Inc., No. 03 CV 3986 (RML), 2009 U.S. Dist. LEXIS 19803, at *8 (E.D.N.Y. Mar. 12, 2009).

199.  Defendant's February 10th, 2017 collection letter indicated "Balance" of $839.53. and offered to settle the debt in full if payment of $545.69 is received within 30 days.

200.  The said February 10th, 2017 letters failed to correctly state the full the amount of the debt allegedly owed.

201.  Although the February 10th, 2017 offered to settle the debt in full for a reduced amount of $545.69 if payment was received within 30 days, the letter did not state on which date the "Balance" was calculated, and did not explain that contractual or statutory interest would continue to accrue on the unpaid principal if settlement payment was not received within 30 days; thus, the Plaintiff's total balance might be greater if the payment was made after the offer of settlement has expired.

202.  After period to settle has expired a reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

203.  However, since contractual or statutory interest is automatically accruing daily a consumer

who pays the "Balance" stated on the notice after 30-day settlement period has expired will be unaware as to whether or not the debt has been paid in full.

204. The debt collector could still seek the automatically accrued contractual or statutory interest that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest from the consumer.

205. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

206. Pursuant to New York state law, statutory interest starts to accrue on the debt from the date of the breach of contract at the rate of 9% per annum.

207. The amount of "Balance" automatically increases each day that the defaulted debt remains unpaid due to the automatically contractual or statutory accrued interest.

208. Collection notices that state only the "Balance" but fail to disclose that the balance might increase due to interest are "misleading" within the meaning of Section 1692e.

209. To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

210. Allianceone Receivables Management, Inc was required to include a disclosure that the automatically accrued interest was accruing on the principle, or in the alternative, Allianceone Receivables Management, Inc was required to disclose that the creditor has

pg. 26

made an intentional decision to waive the automatically accruing interest; yet the

Defendant failed to make any such disclosures, violating Section 1692e of the FDCPA.

211.   Failure to disclose such a waiver of the automatically accruing interest is in of itself

deceptive and "misleading" within the meaning of Section 1692e of the FDCPA.

212.   The Second Circuit adopted a safe harbor disclaimer stating "that requiring such

disclosure best achieves the Congressional purpose of full and fair disclosure to

consumers that is embodied in Section 1692e. It also protects consumers such as the

Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy

their debts." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)

213.   The February 10th, 2017 letter fails to include any "safe harbor" language concerning the

accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d

Cir. 2016).  "[A] debt collector who is willing to accept a specified amount in full

satisfaction of the debt if payment is made by a specific date could considerably simplify

the consumer's understanding by so stating, while advising that the amount due would

increase by the accrual of additional interest or fees if payment is not received by that date."

Id. at 77.

214.   Allianceone Receivables Management, Inc knew that if the settlement amount was not

paid by the Plaintiff within 30 days the principle balance would increase due to

contractual or statutory interest.

215.   An unsophisticated consumer would be left uncertain by the said letter as to whether the

said account was accruing interest or not.

216.   The 8th Circuit in Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App.

LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest

in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

217.     The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts. Navillus Tile, Inc. v. Turner Const. Co., 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003).  A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence. Acumen Re Management Corp. v. General Sec. Nat. Ins. Co., 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

218.     A waiver of interest, even when made explicitly, has not prevented debt collection agencies from continuing to illegally charge the waived interest.  At the bare minimum a debt collection agency must clearly convey, even to the unsophisticated consumer that it intends to waive the automatically accruing interest, or that the debt has stopped accruing interest.

219.     A debtor who pays the "Balance" stated in the collection letter after the period to settle the debt has expired will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest that accumulated after the letter was sent but before the balance was paid.

220.     Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10).

221.   Defendant has violated § 1692e(2)(A) and § 1692e(10) by using a false, deceptive and misleading representation in its attempt to collect a debt.

### ELEVENTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)
### AS TO PLAINTIFF IOSIF KHAIMOV

222.   Plaintiff Iosif Khaimov repeats and realleges the foregoing paragraphs as if fully restated herein.

223.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

224.   One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

225.   Defendant's February 10th, 2017 collection letter indicated "Balance" of $839.53. and offered to settle the debt in full if payment of $545.69 is received within 30 days.

226.   The letter fails to disclose whether the "Balance Due" may increase due to additional interest and/or late fees if payment is not received within 30 days.

227.   The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).  "[A] debt collector who is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date could considerably simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date." Id. at 77.

228.   The letter, because of the aforementioned failure, would render the least sophisticated

consumer unable to determine the amount of his or her "Balance Due" because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt will remain static if payment is not made during the period specified to settle the debt.

229.    If interest will continuing to accrue after the settlement date, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

230.    For these reasons, Allianceone Receivables Management, Inc failed to clearly state the amount of the debt.

231.    For these reasons, Allianceone Receivables Management, Inc failed to unambiguously state the amount of the debt.

232.    For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

233.    For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

234.    Allianceone Receivables Management, Inc violated § 1692g(a)(1) as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

**TWELFTH COUNT**
**Violation of 15 U.S.C. § 1692g(a)(3)-(5) and 1692e**
**AS TO PLAINTIFF IOSIF KHAIMOV**

235.    Plaintiff Iosif Khaimov repeats and realleges the foregoing paragraphs as if fully restated herein.

236.    Section 1692g(a) provides as follows:

   a.    Notice of Debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

        3)      a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

        4)      a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

        5)      a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

237.    In the Ninth Circuit, "the impact of language alleged to violate section 1692g is judged under the 'least sophisticated debtor' standard. *Swanson,* 869 F. 2d at 1225. If a court finds "that the least sophisticated debtor would likely be misled by the notice which [the debtor] received from the [debt collector], [a court] must hold that the credit service has violated the Act." Id.

238.    Defendant failed to send Plaintiff a written notice containing any of the statements required by Section 1692g(a)(3)-(5) within five day of initial communication.

239.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.[1]

240.    Allianceone Receivables Management, Inc violated 15 U.S.C. 1692g(a)(3) by failing to

---

[1] See Foresberg v. Fidelity Nat'l Credit Servs., Ltd., 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004). (The collector's omission from the validation notice of the consumer's right to dispute any portion of the debt violated the Act.); Bailey v. TRW Receivables Mgmt. Servs., Inc., 1990 U.S. Dist. LEXIS 19638 (D. Haw. Aug. 16, 1990). (The § 1692g notice did not notify the consumer that any portion of the debt could be disputed and verified. The failure to notify the consumer that any portion of the debt could be disputed and verified violated 1692g.); McCabe v. Crawford & Co., 210 F.R.D. 631 (N.D. Ill. 2002). (A claim was stated where the collector's letter failed to inform the consumer that he may dispute ''any portion'' of the debt.); Beasley v. Sessoms & Rogers, P.A., 2010 WL 1980083 (E.D.N.C. Mar. 1, 2010). (The court found that the validation notice violated § 1692g(a)(4) by omitting the ''in writing'' requirement that she could dispute any portion of the debt.)

provide the required disclosures within five days of initial communication while attempting to collect a debt.

241.   Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

242.   Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

243.   Allianceone Receivables Management, Inc violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**THIRTEENTH COUNT**
**Violation of 15 U.S.C. § 1692e and 1692f**
**AS TO PLAINTIFF ILYA KHAIMOV**

244.   Plaintiff Ilya Khaimov repeats and realleges the foregoing paragraphs as if fully restated herein.

245.   § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

246.   15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

247.   15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

248.   15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

249.    §1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

250.    The letter of February 13th, 2017 sent to Plaintiff Ilya Khaimov state "Non-interest Charges/Fees."

251.    The "Non-interest Charges/Fees" are listed as "$0.00"

252.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

253.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

254.    Although the "Non-interest Charges/Fees" are listed as "$0.00" the letter could reasonably be read by the least sophisticated consumer to mean that there could be "Non-interest Charges/Fees" added to the debt in the future.

255.    The letter falsely implies that Defendant has the right to add "Non-interest Charges/Fees" to the debt.

256.    Defendant has no legal basis to add "Non-interest Charges/Fees" to the debt.

257.    The letter could reasonably be read by the least sophisticated consumer to threaten to collect a fee.

258.    The letter falsely implies that Defendant has the right to add a fee to the debt.

259.    Defendant has no legal basis to add a fee to the debt.

260.    Defendant's conduct, as described, violates § 1692e and § 1692f.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

261.    The said letter is a standardized form letter.

262.  On information and belief, the Defendant's collection letters number in the hundreds.

263.  Plaintiffs suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

264.  Plaintiffs suffered actual harm by being the target of the Defendant's misleading debt collection communications.

265.  Defendant violated the Plaintiffs' right not to be the target of misleading debt collection communications.

266.  Defendant violated the Plaintiffs' right to a truthful and fair debt collection process.

267.  Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

268.  Defendant's communications were designed to cause debtors to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

269.  The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiffs in a manner that deprived them of their right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

270.  These deceptive communications additionally violated the FDCPA since they frustrate the consumers' ability to intelligently choose their response.

271.  Plaintiffs seeks to end these violations of the FDCPA. Plaintiffs have suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute

embarrassment. Plaintiffs and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

272. This action is brought as a class action. Plaintiffs brings this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

273. The identities of all class members are readily ascertainable from Allianceone Receivables Management, Inc records and those business and governmental entities on whose behalf it attempts to collect debts.

274. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Allianceone Receivables Management, Inc and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

275. There are questions of law and fact common to the Plaintiffs' Class, which common issues predominate over any issues involving only individual class members.  The principal issues are whether the Defendant's communications with the Plaintiffs, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

276. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

277. The Plaintiffs will fairly and adequately protect the interests of the Plaintiffs' Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

278.  This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.  **Numerosity:** The Plaintiffs are informed and believe, and on that basis alleges, that the Plaintiffs' Class defined above is so numerous that joinder of all members would be impractical.

b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiffs' Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiffs, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

c.  **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiffs' Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.  **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

e.  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

279.   Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

280.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiffs' Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

281.   Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

282.    Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## PRAYER FOR RELIEF

283.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

284.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiffs' favor and against the Defendant and award damages as follows:

(a)    Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
February 26[st] 2017

   /s/ Igor Litvak
Igor Litvak, Esq.
Attorneys for the Plaintiff
The Litvak Law Firm, PLLC
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 989-2908
Facsimile: (718) 989-2908
E-mail: Igor@LitvakLawNY.com

Plaintiff requests trial by jury on all issues so triable.

   /s/ Igor Livak

pg. 38